# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MAUREEN E. GRISWOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-0148-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER REMANDING DECISION FOR CLARIFICATION

Plaintiff Maureen E. Griswold ("Griswold") seeks judicial review of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.*, and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et. seq*. The Administrative Law Judge ("ALJ") found that although Griswold suffered from several severe impairments including back disorders, obesity, and depression, she retained the residual functional capacity ("RFC") to perform light work with certain limitations. Relying on the testimony of a vocational expert, the ALJ concluded Plaintiff could perform some unskilled, sedentary jobs that existed in significant numbers in the national economy.

Because the ALJ failed to discuss how much weight she gave to the opinion of evaluating psychologist Dr. Nina Epperson, M.S., and if fully credited, Dr. Epperson's opinion might result in an award of benefits, this case must be remanded to the Commissioner for clarification.

## Factual and Procedural Background

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her applications for benefits on July 5, 2010, alleging a disability onset date of September 1, 2007. The Commissioner denied Plaintiff's applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on October 26, 2011, issued her decision holding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 16, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Plaintiff contends the ALJ erred at step four because: (1) the ALJ's RFC determination is unsupported by substantial evidence; and (2) the ALJ erred by not giving controlling weight to the opinion of her treating psychiatrist, Dr. Grant Piepergerdes, M.D.

**A. The Court cannot tell from the existing record whether the RFC determination is supported by substantial evidence.**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. 20 C.F.R. § 416.945. It is based on all the relevant credible evidence of record, not just evidence from medical reports or medical sources. *Id.*; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and

---

[1] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

work evaluations.  SSR 96-8p.   If the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p.

Here, the ALJ found that Plaintiff had the RFC to perform sedentary work with a variety of physical restrictions, but relatively few mental restrictions.  The ALJ found "she can understand and remember simple instructions to complete work-related tasks.  She would work better with things than people and she should have no public contact."  R. at 20.  The ALJ did not find any limitation on Plaintiff's ability to interact with supervisors or co-workers, or to respond to typical work situations or changes at work.

Plaintiff's first argument is that the RFC conflicts with an opinion from a medical source, Dr. Epperson, and that the ALJ erred by failing to explain why the opinion was not adopted as required by SSR 96-8p.  Indeed, the ALJ's decision does not mention Dr. Epperson's opinion, and Plaintiff observes that where a court is unsure what weight, if any, is given to an evaluating physician's opinion, the case must be remanded.  *McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008).

In response, Defendant concedes that the ALJ's written decision did not address Dr. Epperson's opinion, but notes the ALJ referenced Dr. Epperson's evaluation during the hearing, so she was clearly aware of it.  Defendant contends this case is analogous to *Black v. Apfel*, 143 F.3d 383, 385-86 (8th Cir. 1998), where the ALJ's decision did not discuss portions of a treating doctor's letter suggesting the doctor believed the plaintiff was disabled.  In *Black*, the Eighth Circuit held that the ALJ's reference in his decision to a portion of the doctor's letter was sufficient to show that the ALJ had considered and rejected the doctor's opinion.  This case is not analogous, however, because in *Black* the ALJ "discussed the medical evaluations contained in [the doctor's] letter and noted relevant information from the doctor's treatment notes" in the

4

ALJ's decision. *Black*, 143 F.3d at 386. But here the ALJ's decision did not mention Dr. Epperson at all.

Although the ALJ referenced Dr. Epperson's opinion during the hearing, R. at 47, and appears to have adopted some of her findings, for example, that Plaintiff should have no contact with the public, the ALJ did not adopt other portions of Dr. Epperson's opinion, such as her findings that Plaintiff would have difficulty working with co-workers or supervisors. Dr. Epperson's opinion is important not only when considered by itself, but also because it arguably corroborated the opinion of Plaintiff's treating psychiatrist, Dr. Piepergerdes. Consequently, the ALJ's failure to discuss Dr. Epperson's opinion in her decision cannot be dismissed as a mere deficiency in opinion writing technique. The failure could be outcome determinative. Thus, *McCadney* controls this case and the Court must remand for clarification.

### B. The Court cannot tell from the existing record whether the ALJ erred by not giving controlling weight to Dr. Piepergerdes' opinion.

Related to the above, because the Court is unsure how much weight the ALJ gave Dr. Epperson's opinion, the Court cannot determine whether the ALJ erred by not giving controlling weight to Dr. Piepergerdes' opinion. Dr. Piepergerdes found Plaintiff's mental capacity markedly limited in several respects. R. at 801-04. The ALJ declined to give this opinion controlling weight in part because it was purportedly "incompatible" with other evidence on the record. Dr. Piepergerdes' opinion, however, is arguably consistent with Dr. Epperson's opinion. If the ALJ adopted Dr. Epperson's opinion, it would arguably be more difficult to discount Dr. Piepergerdes' opinion. Consequently, whether the ALJ erred by not giving controlling weight to Dr. Piepergerdes' opinion depends in part on how the ALJ weighs Dr. Epperson's opinion. Accordingly, the Court cannot rule on this portion of Plaintiff's motion until after remand.

## Conclusion

For the reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:     February 18, 2014              /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT